UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DONALD L. BROWN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 22-11298-FDS |
| JPMORGAN CHASE & CO., | ) ) ) | |
| Defendant. | ) ) ) | |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

**SAYLOR, C.J.**

This is an action arising out of the denial of a credit-card application. Donald L. Brown, proceeding *pro se*, has sued JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, "Chase"), alleging that after Chase rejected his credit-card application, it refused to delete the credit inquiry from his credit reports.[1] The complaint asserts various state-law claims and seeks $90,000 in damages. Jurisdiction is based on diversity of citizenship.

Defendant has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, the motion to dismiss will be granted.

---

[1] Counsel of record for defendant have indicated that the real party in interest is JPMorgan Chase Bank, N.A., a wholly owned subsidiary of JPMorgan Chase & Co. (*See* Notice of Removal at 1 n.1). The amended complaint "change[d] . . . the name of the defendant in each count," but did not update the caption, which continues to list "JPMorgan Chase & Company" as the defendant. (*See* Compl. at 1-2). As the analysis is the same for either defendant, the Court will refer to both entities as "Chase."

I.     **Background**

    A.     **Factual Background**

The following facts are set forth as alleged in the amended complaint.

        1.     **The Parties**

Donald L. Brown is a resident of Westwood, Massachusetts. (Compl. ¶ 3).

JPMorgan Chase & Co. is a Delaware corporation with its principal place of business in New York. (Notice of Removal at 5-6). JPMorgan Chase Bank, N.A. is a National Association and a citizen of Ohio. (*Id.* at 6-7).[2]

        2.     **The Credit Denial**

According to the complaint, on March 5, 2021, Brown "applieed [sic] for and was NOT granted a credit account" at Chase, despite having a "'GOOD' CREDIT RATING." (Compl. ¶¶ 9-10). The complaint asserts that he "immediately" requested that Chase "withdraw the credit inquiry." (*Id.* ¶ 11).

On March 28, 2022, Brown allegedly "mailed a complaint letter . . . stating that [he] wanted the inquiry removed FROM HIS CREDIT REPORTS BECAUSE IT WAS OBVIOUS THAT THE BANK DIDN'T WANT TO GIVE THE CREDIT CARD TO [him] FOR AN UNKNOWN REASON." (*Id.* ¶ 12).

According to the complaint, Chase "refused his request to delete the inquiry from [his] credit reports." (*Id.* ¶ 13). The complaint further asserts that Chase "had reported [him] to the three major credit reporting agencies and . . . constructively caused a lowering of [his] credit score." (*Id.* ¶ 14). According to the complaint, Chase "was 'targeting' Brown AND

---

[2] A federally chartered national bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006).

ATTEMPTING TO PUNISH [him] by posting a derogatory comment (an inquiry is used to reduce [his] credit score)." (*Id.* ¶ 15).

The complaint contends that Brown's "diminished credit score . . . effectively reduced what should have been a cheaper cost of credit." (*Id.* ¶ 32). The complaint further asserts that Brown "has been severely injured in both mind and body" and that his "ability to enjoy life and to attend to [his] usual activities and family plans has been greatly damaged." (*Id.* ¶¶ 31, 33).

### B. Procedural Background

Plaintiff filed suit in state court on June 27, 2022. (*See* Notice of Removal). Defendant thereafter removed the case to federal court.

On September 7, 2022, plaintiff filed a motion for leave to file an amended complaint, which was granted. As amended, the complaint asserts six counts: breach of contract (Count 1), breach of the implied covenant of good faith and fair dealing (Count 2), intentional and negligent infliction of emotional distress (Counts 3 and 4), violation of the Massachusetts Credit Reporting Act ("MCRA"), Mass. Gen. Laws ch. 93, §§ 50-67 (Count 5), and violation of Mass. Gen. Laws. ch. 93A (Count 6).

Defendant has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff has not filed an opposition to that motion.

### II. Standard of Review

To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555

(citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). When determining whether a complaint satisfies that standard, a court must assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. *See Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

### III.  Analysis

#### A.  Counts 1 and 2—Contract Claims

Under Massachusetts law, to assert a claim for breach of contract, the complaint must allege that (1) a valid contract between the parties existed; (2) the plaintiff was ready, willing, and able to perform; (3) the defendant breached that contract; and (4) the defendant's breach caused the plaintiff damage. *See Netcracker Tech. Corp. v. Laliberté*, 2020 WL 6384312, at *5 (D. Mass. Oct. 30, 2020) (citing *Bose Corp. v. Ejaz*, 732 F.3d 17, 21 (1st Cir. 2013)).

Here, the complaint alleges that "[o]n or about JANUARY 5, 2022 the plaintiff entered into a contract with agents, servants and/or employees of the defendant." (Compl. ¶ 21). The complaint further asserts that while "plaintiff fully performed his duties and responsibilities under the contract," "defendant breached the contract by engaging in the civil wrongs and tortious behavior reflected in the paragraphs above." (*Id.* ¶¶ 22-23).

While a court must liberally construe the pleadings of a *pro se* party, it cannot create a

claim where none has been properly pleaded. "[A] claim for breach of a written contract must either (1) quote pertinent contractual language; (2) contain a copy of the contract as an attachment; or (3) summarize the contract's purported legal effect." *Foss v. Marvic*, 365 F. Supp. 3d 164, 167 (D. Mass. 2019), *aff'd sub nom. Foss v. Marvic Inc.*, 994 F.3d 57 (1st Cir. 2021). The complaint here does not do so. The claim that Chase breached a January 5, 2022 contract appears to be based solely on the allegations that plaintiff applied for and was not granted a credit account on March 5, 2021, and that Chase subsequently declined his request to delete that inquiry from his credit reports.

In sum, the complaint does not state a claim for breach of contract, and the motion to dismiss Count 1 will be granted. Defendant's motion to dismiss Count 2—the claim for breach of the implied covenant of good faith and fair dealing—will also be granted. *See Massachusetts Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, 412 F.3d 215, 230 (1st Cir. 2005) ("[T]he implied covenant of good faith and fair dealing governs conduct of parties after they have entered into a contract; without a contract, there is no covenant to be breached.").[3]

### B.   Counts 3 and 4—Infliction of Emotional Distress

#### 1.   Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress under Massachusetts law, a

---

[3] In addition, even assuming the existence of a valid contract, "claims for breach of the implied covenant of good faith and fair dealing are distinct from simple breach of contract claims and require additional factual allegations of unfairly leveraging the contract terms for undue economic advantage." *See Christensen v. Kingston Sch. Comm.*, 360 F. Supp. 2d 212, 229 (D. Mass. 2005).

Here, the complaint asserts that defendant violated the implied covenant "by engaging in the civil wrongs and tortious behavior reflected in the paragraphs of general facts, above." (Compl. ¶ 27). That, however, is the same allegation associated with the breach of contract claim. (*See id.* ¶ 23 ("[D]efendant breached the contract by engaging in the civil wrongs and tortious behavior reflected in the paragraphs above.")). In other words, "[p]laintiff merely repeats [his] breach of contract allegations that are set out in Count [1]. That is insufficient." *See Brand Grp. Int'l, LLC v. Established Brands Int'l, Inc.*, 2011 WL 3236078, at *3 (D. Mass. July 26, 2011).

plaintiff must allege "(1) that the defendant either intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the conduct caused the plaintiff emotional distress; and (4) that the emotional distress was severe and of a nature that no reasonable person could be expected to endure it."  *Hussain v. Hosking*, 2016 WL 696095, at *3 (D. Mass. Feb. 19, 2016) (citing *Agis v. Howard Johnson Co.*, 371 Mass. 140, 144-45 (1976)).

"Conduct is 'extreme and outrageous' only if it is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'"  *Lozano v. Suffolk Superior Ct.*, 2015 WL 5684071, at *4 (D. Mass. Sept. 28, 2015) (quoting *Foley v. Polaroid Corp.*, 400 Mass. 82, 99 (1986)).  Recovery for an IIED claim generally "requires more than 'that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice" or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.'"  *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 195 (1st Cir. 1996) (quoting *Foley*, 400 Mass. at 99).

The facts here do not rise to the level of extreme and outrageous conduct, or anything close to it.  Accordingly, the motion to dismiss will be granted as to the IIED claim.

    **2.**  **Negligent Infliction of Emotional Distress**

To state a claim for negligent infliction of emotional distress under Massachusetts law, a plaintiff must allege "(1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomatology; and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case."  *Payton v. Abbott Labs*, 386 Mass. 540, 557 (1982).

As to the fourth element—physical harm manifested by objective symptomatology—plaintiff contends only that he experienced "emotional and physical distress" and that he "has been severely injured in both mind and body." (Compl. ¶¶ 39-40). Although Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, a claim of injury arising out of negligent infliction of emotional distress requires specific factual allegations, not a mere "formulaic recitation of the elements." *Id.* The complaint does not meet that standard. Accordingly, the motion to dismiss will be granted as to the NIED claim.[4]

### C. Counts 5 and 6

Counts 5 and 6 allege violations of the MCRA and Mass. Gen. Laws ch. 93A. Chase contends that these claims are preempted by the Fair Credit Reporting Act ("FCRA"), which provides as follows:

> [n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply . . . with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated Laws . . . .

15 U.S.C. § 1681t(b)(1)(F)(i).

#### 1. Massachusetts Credit Reporting Act

The Massachusetts Credit Reporting Act provides, in relevant part, that:

> [e]very person who furnishes information to a consumer reporting agency shall follow reasonable procedures to ensure that the information reported to a consumer reporting agency is accurate and complete. No person may provide

---

[4] Because the Court concludes that the complaint fails to state a claim for intentional or negligent infliction of emotional distress under Massachusetts law, it need not decide whether these state-law claims are preempted by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*

> information to a consumer reporting agency if such person knows or has reasonable cause to believe such information is not accurate or complete.

Mass. Gen. Laws. ch. 93, § 54A(a). According to the complaint, Chase violated that statute when it failed to erase the credit inquiry from plaintiff's credit report.[5] As the Court has held in a comparable case, "while the FCRA expressly exempts § 54A(a) from its preemptive reach, it includes no such exemption for § 54A(g)—the provision that creates a private cause of action for violations of § 54A(a). In the Court's view, the absence of express language exempting § 54A(g) from the FCRA's preemption provision is fatal." *Leet v. Cellco P'ship*, 480 F. Supp. 2d 422, 433 (D. Mass. 2007) (footnote omitted); *see also Logan v. Bank of Am.*, 2020 WL 1245124, at *5 (D. Mass. Mar. 16, 2020) (same).

In any event, the complaint does not allege that Chase inaccurately reported plaintiff's application for credit to the credit reporting agencies, but instead that it failed to remove accurate—albeit harmful—information from his credit report. Accordingly, dismissal of Count 5 is warranted for the additional reason that the complaint fails to allege how, if at all, that accurate reporting violated the MCRA. *Cf. Galvin v. U.S. Bank, N.A.*, 852 F.3d 146, 160 (1st Cir. 2017) (dismissing claim where the complaint did not "specify the law with which the defendants allegedly failed to comply *or how they failed to comply with it*" (emphasis added)). Accordingly, the motion to dismiss Count 5 will be granted.

### 2. Unfair and Deceptive Practices

Count 6 seeks damages on the ground that Chase engaged in unfair and deceptive trade practices in violation of Mass. Gen. Laws ch. 93A. "The purpose of [Mass. Gen. Laws ch.] 93A

---

[5] Although the complaint does not cite a specific provision of the MCRA that defendant allegedly violated, the Court will assume that the complaint asserts a violation of section 54A of that statute.

is to improve the commercial relationship between consumers and business persons and to encourage more equitable behavior in the marketplace." *Poznik v. Massachusetts Med. Pro. Ins. Ass'n*, 417 Mass. 48, 53 (1994).  A practice or act is unfair under chapter 93A "if it is (1) within the penumbra of a common law, statutory, or other established concept of unfairness; (2) immoral, unethical, oppressive, or unscrupulous; or (3) causes substantial injury to competitors or other business people." *Morrison v. Toys "R" Us, Inc.*, 441 Mass. 451, 457 (2004).

Chase contends that the claim is preempted by the FCRA to the extent plaintiff premises it on (1) the reporting of his credit inquiry to credit reporting agencies or (2) the failure to remove such information from his credit report.[6]  The Court agrees.  Chapter 93A qualifies as a requirement imposed by state law, and to the extent the claim is based on Chase's reporting of plaintiff's consumer credit information, it directly relates to the subject matter of § 1681s-2.  Accordingly, the motion to dismiss Count 6 will be granted.

### IV. Conclusion

For the foregoing reasons, defendant's motion to dismiss the complaint is GRANTED.

---

[6] The complaint also asserts that defendant engaged in unfair and deceptive acts because defendant "HAS SEVERAL DIFFERENT NAMES IT HOLDS ITSELF OUT AS, AND SEVERAL DIFFERENT ADDRESSES, ALL, UPON INFORMATION AND BELIEF, TO CAUSE CONSUMERS . . . TO BECOME VERY CO[N]FUSED ABOUT HOW TO SUE AND SERVE THE DEFENDANT." (Compl. ¶ 5).  That argument is without merit.

**So Ordered.**

                                                      /s/ F. Dennis Saylor IV
                                                      F. Dennis Saylor IV
Dated: May 17, 2023                           Chief Judge, United States District Court